# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| Plaintiff, | No. 2:23-cv-110 |
| v. | |
| Portfolio Recovery Associates, LLC, | |
| Defendant. | |

## KEITH WARREN'S DECLARATION IN SUPPORT OF PORTFOLIO RECOVERY ASSOCIATES, LLC'S RULE 60(b) MOTION TO MODIFY JUDGMENT

I, Keith Warren, declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The statements made in this Declaration are based on my personal knowledge, review of documents maintained in the ordinary course of business, and information provided to me by persons with direct responsibility for the matters described below.

2. I am the Chief Risk and Compliance Officer for PRA Group, Inc., the parent corporation of Portfolio Recovery Associates, LLC ("PRA") and submit this Declaration in support of PRA's Rule 60(b) Motion to Modify Judgment.

3. I joined PRA as the Chief Risk and Compliance Officer in January 2024.

4. As the Chief Risk and Compliance Officer, I have responsibility for, and oversight of, PRA's compliance, governance, and implementation of obligations arising from regulatory orders, including the stipulated final judgment and order entered in this case on April 13, 2023 (the "Order").

5. The Order resolved claims brought by the Consumer Financial Protection Bureau

(the "Bureau") relating to PRA's debt-collection and credit-reporting practices. PRA neither admitted nor denied the Bureau's allegations, but agreed to undertake specific remedial, compliance, reporting, and monitoring obligations.

6. Since entry of the Order, PRA has complied in good faith with its requirements and devoted substantial resources to compliance, governance, and oversight enhancements, including at the Board, management, and operational levels.

7. PRA timely completed all time-bound obligations of the Order, including submissions and reports to the Bureau, certifications, and required remediation to affected consumers.

8. PRA has submitted two Annual Compliance Reports to the Bureau, in October 2024 and October 2025. The Bureau did not raise any issues with either report.

9. PRA also submitted twelve monthly redress reports to the Bureau, again without objection, which detailed PRA's efforts to identify redress consumers and calculate and make redress payments.

10. In compliance with the Order, PRA implemented and executed a comprehensive compliance plan addressing the requirements of the Order, including policy updates, procedural controls, monitoring and testing, employee training, enhanced customer document distribution, and inclusion of additional customer disclosures.

11. In compliance with the Order, PRA created, implemented, and completed a redress plan. As part of the redress plan, PRA has calculated and paid more than $14 million in redress payments to consumers, exceeding the Order's $12.18 million minimum. PRA has also paid a $12 million civil monetary penalty to the Bureau.

12. In compliance with the Order, PRA has maintained documentation demonstrating

the implementation and effectiveness of these measures, including internal audits, monitoring results, bespoke government activities, verbal dispute processing records, and management reporting.

13. In compliance with the Order, PRA has conducted enhanced training, supervision, and monitoring of law firms and other partners to ensure their compliance with the Order, in addition to its preexisting programs that ensured compliance with federal and state law.

14. In compliance with the Order, PRA has implemented enhanced processes and procedures to comprehensively identify, investigate, and resolve verbal disputes from customers.

15. Continued prospective application of the Order is creating a substantial burden on PRA. For example, PRA received 317,949 non-fraud verbal disputes in 2024 and 2025, each of which require significant resources to investigate. During the same period, PRA also received 2,047,752 unsubstantiated disputes. PRA spent more than $7 million in that period to process those unsubstantiated disputes.

16. Despite the increasing number of oral disputes, the rate at which oral disputes are substantiated has remained around five percent.

17. In 2024 and 2025, PRA distributed 23,144 Legal OALD packages as prescribed by the Order. Nearly 10% (2,214) of those packages were duplicate requests. Each such package included the same standard components including Chain of Title, Bill of Sale, Transaction History, OALD Statement, and Activity Statement.

18. Overall, PRA has expended significant effort to establish processes to execute and oversee the Order. Those processes include governance, record retention, and reporting, all of which are above and beyond the traditional processes implemented by PRA to adhere to applicable law. While these activities are difficult to quantify with precision, they create an outsized burden

on PRA with little benefit to consumers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2026
at Norfolk, Virginia

Keith Warren